WILLIAM C. KAHL, State Superintendent, Department of Public Instruction
In your letter of January 14, 1971, you ask a number of questions concerning the application of the statutes dealing with transportation of students as they may be applied to three and one-half-year-old child with a healing defect who resides in a school district which does not provide services for a child with such a handicap. You state that this child has been accepted by another school district as a nonresident special student and that the Department of Public Instruction has determined that the child is handicapped as that term is defined in sec. 115.76 (1), Stats. As a result of such handicap, the Department of Public Instruction has authorized the child's attendance as a nonresident special student.
Your first question reads:
"First, must the resident school district provide full transportation for this child when authorized by the Department of Public Instruction?"
The answer to this question is yes. The resident school district must provide full transportation for this child. Section 115.82 (1) (a), Stats., provides:
"Handicapped children residing outside the area served by a program established under s. 115.81 may be admitted to the program as nonresidents."
Section 115.82 (1) (b), Stats., provides, in part:
"Handicapped children residing within or outside a school district may be admitted to special programs for handicapped children which are available in the school district according to standards of eligibility determined by the division [Division of Handicapped Children, Department of Public Instruction] and according to available facilities. A handicapped child, including a preschool handicapped child, who residesin a school district which does not maintain a program for children withthis handicap and is eligible to attend special schools, classes or centers, may be admitted as a nonresident. * * *" (Emphasis ours). *Page 184 
And sec. 115.82 (6), Stats., reads:
"In addition to the requirements of s. 121.54 (3), when board and lodging are not furnished to nonresident handicapped children the school district in which the child resides shall provide transportation."
A three and one-half-year-old child is a preschool child within the meaning of this statute. "Preschool" is ordinarily defined as nursery or kindergarten school. See Webster's Third New International Dictionary,Unabridged. Therefore, any child who is not an infant, but yet not old enough to attend first grade, should be considered as a "preschool" child. Ordinarily, this child would fall between the ages of two and five.
In your second question you ask whether objective standards of eligibility are required to be promulgated by the Division for Handicapped Children of the Department of Public Instruction. Again, the answer is yes. Section 115.82 (1) (b), Stats., specifically provides that handicapped children residing within or outside a school district may be admitted to special programs for handicapped children which are available in the school district according to standards of eligibility determined by the Division and according to available facilities. These standards are applicable to preschool handicapped as well as other children.
In your third question you ask whether general transportation aids would be payable for such preschool handicapped children under sec. 121.58
(2) (a) and (b), Stats. In my opinion, general transportation aids would be payable for such a purpose. Section 121.54 (3), Stats., provides that every school board shall provide transportation for handicapped children. It further provides that approval for such transportation shall be based on whether or not the child can walk to school with safety and comfort. Section 115.82 (6), Stats., embodies sec. 121.54 (3), and further provides that where board and lodging are not furnished to nonresident handicapped children, the school district in which the child resides shall provide transportation. In addition, sec. 121.58 (2) (b) reads: *Page 185 
"State aid for approved transportation under s. 121.54 (3) shall be paid on the same basis as it is paid for transportation of nonhandicapped children, except that state aid shall be paid for such approved transportation of less than 2 miles at the rate of $24 per school year per pupil. Such state aid shall be supplemented by the state aid under s. 115.85 in an amount not to exceed the full cost."
It seems clear therefore, that the general transportation aids are payable for such preschool handicapped children.
Your fourth question reads:
"Fourth, would the general aids provided in Section 121.58 (2) be supplemented under subsections 121.58 (2) (b), 115.85 (2) and 115.85 (5) to the extent of 70% of the full (emphasis added) cost of the transportation, with the exception provided in 121.58 (2) (b), that such state aid shall be supplemented under Section 115.85, in an amount not to exceed the full cost of transportation."'
The answer to this question is also yes. General aids provided for in sec. 121.58 (2), Stats., must be supplemented, under sec. 115.85 (2), Stats., to the extent of 70 percent of the full cost of transportation. This aid may be further supplemented pursuant to sec. 115.85 (5), Stats., subject to the limitation contained in sec. 121.58 (2) (b).
Transportation provided handicapped children, including the preschool children, must be approved in advance by the State Superintendent of Public Instruction. However, the Superintendent may not arbitrarily withhold approval of such transportation, thereby frustrating the intent of the legislature. The reasons for refusal to approve transportation in cases involving handicapped children must be well documented and not arbitrary or capricious.
RWW:JWC